**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

YUETING LU,

                    Plaintiff,

         v.

YAHOO, INC., and YAHOO HOLDINGS, INC.

                  Defendants.

Case No.: 24-CV-5230

**COMPLAINT**

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Yueting Lu, ("Plaintiff") by and through her attorneys, Danny Grace PLLC, as and for her Complaint in this action against Yahoo, Inc., and Yahoo Holdings, Inc. (collectively, "Defendants," "Yahoo" or the "Company") alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

1.      This is an action for declaratory, injunctive, equitable relief, as well as monetary damages to redress Defendants' unlawful employment practices against Plaintiff, including discriminatory and retaliatory treatment of Plaintiff in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq. ("Title VII"); the Americans with Disability Act and its amendments; 42 U.S.C. §§ 12101 et. seq.; ("ADA"); New York State Human Rights Law, New York Executive Law §§290, et seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§8-101 et seq ("NYCHRL").

2.      Defendants, their owners, managers, and employees intentionally, unlawfully and recklessly treated Plaintiff in a discriminatory manner based on her gender and disability.

3.      After Plaintiff complained about such unlawful treatment and asserted her rights under the Title VII, ADA, NYSHRL, and NYCHRL, Defendants retaliated and terminated Plaintiff absent any other cause.

4.      Defendants' conduct was knowing, malicious, willful, and wanton and showed a reckless disregard for Plaintiff, which has caused and continues to cause economic and non-economic damages, and severe mental anguish and distress.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding Defendants' gender and disability discrimination.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367 (a).

8.      Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. §1391, because Defendants regularly transact business in the State of New York and the Southern District of New York and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PROCEDURAL REQUIREMENTS

9.      Prior to the commencement of this action, Plaintiff filed a verified charge to the Equal Employment Opportunity Commission ("EEOC") (April 9, 2024), charging Defendant for

2

hostile working environment and unlawful discrimination in relation to Plaintiff's employment and arising out of the same facts alleged herein.

10.     Plaintiff received a Right to Sue letter from the EEOC on April 24, 2024.

11.     Contemporaneous with the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §§ 8-502 of the New York City Administrative Code.

12.     Plaintiff forwarded a copy of the Complaint to the Attorney General of the State of New York in accordance with NYLL § 215(2).

13.     This Complaint has been filed within 90 days of Plaintiff's receipt of Right to Sue letter.

14.     Any and all other prerequisites to the filing of this suit have been met.

**PARTIES**

15.     Plaintiff is a former employee of Defendants.

16.     Plaintiff began her employment with Defendants on February 27, 2023, and remained employed until her unlawful termination on March 6, 2024.

17.     At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

18.     Defendant Yahoo Inc. is a global media and tech company and is headquartered at 770 Broadway, New York, NY 10003.

19.     Defendant Yahoo Holdings, Inc. is listed as Plaintiff's employer on Plaintiff's w2 from Defendants.

20.     Upon information and belief, Defendant Yahoo Holdings Inc. is located at 770 Broadway, New York, NY 10003.

21.     Defendants Yahoo Holdings, Inc. and Yahoo Inc. (collectively, "Defendants," "Yahoo," or the "Company") constitute one single enterprise and therefore should be liable under one single employer theory.

22.     While Plaintiff performed the work for Yahoo, Inc. under Yahoo Inc., she was paid by Defendant Yahoo Holdings, Inc.

23.     Defendants shared staff, including Plaintiff, and a single human resources department.

24.     Defendants' operations were interrelated.

25.     Upon information and belief, Defendant Yahoo Holdings, Inc. is the parent company of Defendant Yahoo, Inc.

26.     Defendants also have centralized control of their labor relationships. While Plaintiff was paid by Yahoo Holdings, Inc., Plaintiff was required to follow the instructions from Defendant Yahoo Inc.

27.     Defendant Yahoo Holdings Inc.'s labor relations have been centralized and controlled by Defendant Yahoo Inc.

28.     Defendant Yahoo Inc. has more than eight thousand (8,000) employees.

29.     At all relevant times, Defendants were Plaintiff's direct employer.

30.     At all relevant times, Defendants have met the definition of an "employer" under all applicable statutes.

## **FACTUAL ALLEGATIONS**

31.     Plaintiff began her employment with the Company on February 27, 2023, as a Software Development Engineer I (IC2).

32.     During her employment, she consistently met and exceeded all of her employer's expectations.

33.     During her employment, Plaintiff was supervised by Technical Lead, Mr. Han Su ("Su").

34.     Su has biased opinions about women and has engaged in discriminatory employment practices against women, including Plaintiff.

35.     Originally there were two female engineers on Plaintiff's team.  In Late 2023, the other female engineer left the team because of Su's hostile and discriminatory treatment against women.

**A.  Discriminatory Employment Practices Against Plaintiff**

36.     Su discriminated against Plaintiff and employed a hostile supervisory approach to Plaintiff as compared with her male colleagues.

37.     Specifically, Su repeatedly directed Plaintiff to change her codes to different versions while Plaintiff's codes had already been approved by other senior engineers.

38.     On July 27, 2023, Su directed Plaintiff to change her codes to three (3) different versions and forced Plaintiff to work until late at night to get the task completed.

39.     On July 28, 2023, Su directed Plaintiff to change the codes back to the older versions.

40.     Su also scolded and questioned Plaintiff on the "Slack" platform at midnight, well outside of her regularly scheduled work hours, which resulted in Plaintiff experiencing great mental stress.

41.     Su did not treat male engineers similarly.

42.     When Plaintiff asked her male colleagues how to communicate better with Su, her male colleagues confirmed that Su treated them better than Plaintiff, because they were men.

43.     Thus, Su's biased and discriminatory treatment of females was confirmed by Yahoo's male employees.

44.     Su also regularly commented on Plaintiff's old codes and requested that she change her codes repeatedly even if her codes had been approved by other senior engineers or architects.

45.     Further, Su also treated Plaintiff differently because of her gender while assigning projects and tickets[1].

46.     Su intentionally and discriminatorily isolated Plaintiff from her colleagues and denied most of the tickets that Plaintiff had requested for the year even when Plaintiff's colleagues tried to offer her opportunities.

47.     During her tenure with Yahoo, Plaintiff had been trying very hard to get impactful components through talking to Su, other managers and her mentor, Ms. Veronica Li, Software Development Engineer II (IC 3) of Yahoo.

48.     Su always denied Plaintiff's requests and directed Plaintiff to spend most of her time fixing Yahoo finance website bugs.

49.     One of Plaintiff's colleagues offered Plaintiff a ticket that was not to fix Yahoo finance website bugs, but Su immediately sent the ticket back to Plaintiff's male colleague.

50.     When assigning tickets, Su would give Plaintiff's male colleagues more freedom in selecting tickets based on their preferences.

51.     Plaintiff's male colleagues were also allowed to reject tickets from Su if they did not want to do the assigned tickets; Plaintiff was only allowed to accept tickets for fixing Yahoo finance website bugs from Su.

---

[1] Tickets refer to each project or assignment.

52.     Further, Su sometimes assigned the tickets that had been rejected by Plaintiff's male colleagues to Plaintiff. Again, Plaintiff was not allowed to reject such assignments.

53.     The first year with Yahoo is important for engineers with regard to improving their skills and taking ownership of the team's projects.

54.     Learning different skills and getting enough involvement in team projects is significant for first year engineers to grow their capabilities, and for handling different tasks independently.

55.     Thus, Su's discriminatory employment practices had a substantial and adverse impact on Plaintiff's performance, and Plaintiff was isolated from the core of the team at all relevant times because of Su.

56.     As a result, Plaintiff became more anxious and depressed.

57.     Plaintiff's managers witnessed Su's discriminatory practices, received Plaintiff's complaints of Su's discrimination, and were aware of Plaintiff's efforts to obtain tickets with more components beyond fixing website bugs.

58.     Plaintiff's managers ignored Plaintiff's efforts and complaints, resulting in Plaintiff being subjected to further discrimination and retaliation.

59.     Yahoo finance has two (2) websites: nimbus (the newest website) and TD-finance (the older website). Those two websites use different technological frameworks.  Soon, nimbus will replace TD-finance.

60.     Plaintiff's male colleagues were creating new pages in the new nimbus website; Plaintiff was the only one assigned the old TD-finance website bugs tickets.

61.     While Plaintiff's male colleagues were excitedly doing tasks for building a new website, Plaintiff was removed from this opportunity and stuck fixing bugs for a website that would soon be replaced.

62.     Plaintiff experienced depression resulting from Defendants' discrimination and retaliation.

63.     Thus, due to Su's discriminatory employment practices, Plaintiff was isolated from her colleagues, and she would only receive tickets or projects to fix bugs, unlike her male colleagues.

64.     Such discriminatory employment practices substantially and adversely impacted Plaintiff's work performance, and Plaintiff's career, as a software development engineer, including at Yahoo[2] because engineers are required to perform impactful components and perform projects with more impactful components.

65.     Further, the above had a substantial and adverse impact on Plaintiff's mental health.

66.     Plaintiff has become mentally disabled because of Su's long-term hostility and discriminatory treatment, as well as the retaliatory treatment as listed below.

B.   **Protected Activities; Yahoo's Failure to Take Action and Retaliation**

67.     From May 2023 to December 2023, Plaintiff engaged in protected activities by filing several complaints as to Su's discriminatory employment practices against her.

68.     Plaintiff's managers did not take any action to correct Su's discriminatory employment practices.

---

[2] The tasks of fixing bugs are different from building a new component, which is an exercise or task done from scratch. Indeed, Yahoo put Plaintiff on a Performance Improvement Plan on December 6, 2023, which expressly stated that one of Plaintiff's performance issues was that she "can only work on fixing bugs or projects with lots of guidance."

69.     Plaintiff's Manager Trang Le (hereafter, "Manager Le") ignored Plaintiff's complaints and did not take any action or note her complaints until December 5, 2023.

70.     Thus, Plaintiff was continuously subjected to a hostile working environment which resulted in Plaintiff becoming further depressed and then mentally disabled.

71.     In May 2023, Plaintiff filed a complaint with her Manager, Le, as to Su's discriminatory and hostile treatment of her.

72.     From May to September 2023, Plaintiff filed complaints with Manager Le.

73.     Manager Le refused to respond to the complaints.

74.     On September 14, 2023, Plaintiff filed a complaint with Manager Tom Bieleleisen ("Manager Bieleleisen"), to no avail.

75.     In fact, Plaintiff filed complaints as to Su's discriminatory employment practices against Plaintiff during every bi-weekly meeting with Manager Bieleleisen.

76.      Indeed, Manager Bieleleisen did not take any action to stop Su's discriminatory treatment of Plaintiff but said that Su's discriminatory and hostile treatment toward her was "not a big deal".

77.     On October 10, 2023, Plaintiff expressed her concerns to Manager Le as to Su's discriminatory treatment when assigning tickets.

78.     Again, no action was taken to prohibit the discriminatory and hostile working environment.

79.     Su alleged that he did not assign the tickets to Plaintiff because he was worried that Plaintiff could not complete the assignments on time.

80.     In response, Plaintiff tried to fight for more opportunities by finishing all assignments on time.

81.     In October 2023, Plaintiff expressed to Manager Le that she had completed all tickets from Su on time, and thus, she could handle time-sensitive tickets.

82.     Su still refused to assign tickets with impactful components and expressed to Plaintiff's Manager Le that Plaintiff could only perform these assignments on time because he gave her more time.

83.     Nonetheless, Su never mentioned this to Plaintiff even though they had a number of meetings during that time period and Plaintiff had requested feedback from Su during their meetings.

84.     Su's hostile, discriminatory employment practices resulted in Plaintiff having to take anti-anxiety medication and sleeping pills.

85.     On November 7, 2023, Plaintiff's male colleague offered Plaintiff a more impactful ticket.

86.     On November 8, 2023, Su reassigned the ticket to Plaintiff's male colleague, stating that Plaintiff already had a bunch on her plate. On her plate were tickets for fixing bugs for TD-finance, a website that would soon be replaced.

87.     On December 5, 2023, Plaintiff filed another complaint with Manager Le regarding Su's discriminatory treatment.

88.     For the first time, Manager Le made a note about Plaintiff's complaint, though the note was not accurate.

89.     Manager Le did not note Plaintiff's allegation that Su intentionally slowed Plaintiff down and isolated her from her male colleagues.

90.     Instead of investigating Su for his long-term discriminatory employment practices against Plaintiff, Yahoo investigated Plaintiff.

10

91.     On December 6, 2023, one day after her protected activity of filing a discrimination complaint, Plaintiff received a Performance Improvement Plan ("PIP").

92.     On the same date, Plaintiff was given a PIP project, to be supervised by Su.

93.     Plaintiff filed another complaint, which Manager Le ignored.

94.     Upon the recommendation of Plaintiff's physician, Plaintiff requested short-term disability leave from December 8, 2023, to December 21, 2023.

95.     However, Yahoo forced Plaintiff to sign the PIP before December 8, 2023; that, or she had to voluntarily terminate her employment with Yahoo.

96.     Thus, to secure her job, Plaintiff signed the PIP.

**C.  Further Discrimination and Retaliation After the PIP**

97.     Su continuously discriminated and retaliated against Plaintiff while supervising Plaintiff's PIP projects.

98.     On December 9, 2023, Su again intentionally slowed Plaintiff down by blocking Plaintiff's codes from merging, with knowledge that Plaintiff's PIP required her to complete the code or project timely.

99.     This was not the first time that Su blocked Plaintiff's codes from merging.

100.    On December 11, 2023, Plaintiff's mentor told Plaintiff that she had filed a complaint on her behalf to Manager Le, stating that "[b]elieve it or not, Han [referring to Su] has biased opinions towards women, especially Yueting [referring to Plaintiff]."

101.    On December 12, 2023, during the PIP kick off meeting in response to Plaintiff and her mentor's complaints of discriminatory and hostile treatment from Su, Manager Le tried to silence Plaintiff and asked her to focus on her projects, stating that "I know you feel that you are

unfairly treated by Han [referring to Su], but don't focus on a comparison of how Han treated you and how Han treated other teammates [referring to her male colleagues], focus on the project."

102.    Further, Manager Le directed Plaintiff to think about why Su targeted her, treated her differently, and directed her to finish her PIP project under Su's supervision with knowledge that she complained to Manager Le on many occasions of Su's discriminatory and hostile treatment toward her.

103.    On December 12, 2023, Plaintiff had to cancel her pending leave application.

104.    On December 18, 2023, Plaintiff had a design document review for Plaintiff's second PIP project.

105.    On December 22, 2023, Plaintiff, Manager Le and Su had a check-in meeting.

106.    During the meeting, Plaintiff walked Manager Le and Su through her updated action time list, read it line by line for Su and Manager Le, and asked for feedback from Su.

107.    In response, Su refused to answer Plaintiff's questions, stating that he had not taken a look yet

108.    Later, Plaintiff asked for feedback again through "Slack"; Su refused to answer and stated that he would like to look at her latest design documents after Christmas.

109.    Su intentionally delayed the time for review of Plaintiff's codes for her PIP project; Su was the main code reviewer, and Plaintiff's PIP requested her to finish the projects timely.

110.    On December 26, 2023, Su finally reviewed Plaintiff's codes for the first time, but he refused to look at her design documents.

111.    On January 4, 2024, Su suddenly asked Plaintiff to change her codes after her implementation and reviewed her design document[3].

---

[3] Plaintiff had tried to confirm with Su on several occasions before the implementation. In response, Su refused to provide a straight or specific answer. During the whole week, Plaintiff was required by Su to change the codes back and forth. Every time

112.    After Plaintiff received two approvals from two senior engineers on January 10, 2024, Plaintiff asked Su to review her codes.

113.    On January 10, 2024, Su asked Plaintiff to make changes again.

114.    Plaintiff made changes accordingly and got an approval from a distinguished architect of Yahoo.

115.    Again, Su required another change [4].

116.    On January 10, 2024, Plaintiff filed another complaint with Manager Le as to Su's retaliatory and discriminatory employment practices against her.

117.    Again, Manager Le refused to take any action on behalf of Defendant.

118.    Thus, on January 11, 2024, Plaintiff filed a complaint with the Human Resources Department and Manager Le as to Su's discriminatory and retaliatory treatment against Plaintiff.

119.    For the first time, Yahoo investigated Plaintiff's complaints.

120.    On January 18, 2024, Plaintiff's PIP ended, but from January 18, 2024, to January 23, 2024, Manager Le kept pushing back the PIP discussions with Plaintiff and refused to have a meeting with Plaintiff to discuss Plaintiff's PIP performance.

121.    Specifically, during the investigation conducted by a third-party investigator, Manager Le refused to provide feedback as to Plaintiff's PIP performance and continued to delay the PIP discussion.

122.    Manager Le even expressed to Plaintiff that she was waiting for the results of the investigation of Plaintiff's complaint of discrimination and retaliation against Su.

---

Plaintiff received sufficient approval from other seniors and was about to merge her changes, Su would step in and request Plaintiff to make changes. This was a pattern that happened again and again.

[4] Defendant's PIP alleged Plaintiff could not complete her projects on time. Indeed, Su intentionally delayed Plaintiff's process for completing her codes by, but not limited to, asking her to change her codes back and forth after being approved, leaving comments on her old codes, and delaying the time for reviewing her codes. To complete Plaintiff's project, Su's review and approval were required.

123.    After Manager Le talked to Plaintiff's mentor following her mentor's discussion with the third-party investigator, Manager Le immediately failed Plaintiff's PIP.

124.    Thus, Manager Le failed Plaintiff's PIP only after she was sure that Plaintiff's mentor did not mention to the third-party investigator Plaintiff's mentor's complaint or Su's biased opinions about women.

125.    Thereafter Plaintiff became disabled, including but not limited to, suffering from depression and anxiety because of Su's long-term harassment and hostile employment practices toward Plaintiff.

126.    Plaintiff was diagnosed with a mental disability, and therefore Plaintiff took short-term disability leave from January 24, 2024, to March 1, 2024.

127.    On January 25, 2024, Plaintiff filed another complaint with HR, alleging that the PIP was retaliatory, and that Su continuously discriminated and retaliated against her while supervising her PIP projects.

128.    Plaintiff also advised HR that she had become mentally disabled as a result of Su's long-term discriminatory and retaliatory employment practices against her.

129.    On March 1, 2024, Plaintiff's attorney served Yahoo with a notice of representation on her behalf.

130.    In the notice of representation, Plaintiff requested that Yahoo take the following actions: (1) the PIP issued to Plaintiff, dated December 12, 2023, should be withdrawn because it was discriminatory and retaliatory, and because it resulted from Su's discriminatory treatment; (2) an investigation should be conducted and a disciplinary action should be taken against Su due to his practice of discriminating against females at the workplace and because of his mismanagement; (3) Plaintiff should be transferred to another squad as a reasonable accommodation for her

disability; and (4) compensatory damages, as well as attorney's fees, as a result of the Company's action toward her.

131.   Yahoo did not respond to the letter, including Plaintiff's request for reasonable accommodations consisting of changing the Technical Lead Su or changing Plaintiff's squad.

132.   Instead, on March 4, 2024, Plaintiff returned to work from her short-term disability leave.

133.   On March 6, 2024, Manager Le advanced their March 7, 2024 meeting to 11:00 a.m., March 6, 2024.

134.   During the meeting, Manager Le told Plaintiff that she was being terminated, alleging that Plaintiff was terminated because she had failed the PIP just two days after her return from short term disability.

135.   This was in spite of Plaintiff having expressed to Yahoo that the PIP was discriminatory and retaliatory.

136.   Plaintiff's PIP was supervised by Su who discriminated and retaliated against her with knowledge that Plaintiff filed a complaint against him.

137.   Su refused to answer Plaintiff's questions regarding the PIP project.

138.   Upon information and belief, Su played an important role in deciding whether Plaintiff passed or failed her PIP.

139.   Upon information and belief, Manager Le and Su were substantially involved in the decision to terminate Plaintiff.

140.   This Complaint ensues.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII- Gender)

140.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

141.    Defendants are subject to Title VII as an employer with an excess of 15 employees.

142.    Plaintiff is a member of a protected class because she is a woman.

143.    Defendants discriminated against Plaintiff by treating her differently when assigning tickets, putting Plaintiff on a PIP, and terminating her employment with Yahoo.

144.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

145.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

146.    Defendants' unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Hostile Working Environment – Gender)

147.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

148.    Defendants are subject to Title VII as an employer with an excess of 15 employees.

149.     Plaintiff is a member of a protected class because she is a woman.

150.     Defendants created a hostile working environment for the Plaintiff because Su treated Plaintiff differently.

151.     Defendants isolated Plaintiff from her male colleagues.

152.     Defendants refused to take any action to correct Su's long-term discriminatory treatment against Plaintiff.

153.     Su repeatedly treated Plaintiff in an extremely harsh manner and scolded Plaintiff without reason.

154.     Su's long-term hostile and discriminatory treatment resulted in Plaintiff's mental disability, including, anxiety, and depression.

155.     The hostile and abusive treatment of Plaintiff was pervasive and severe.

156.     Defendants' treatment of Plaintiff was such that a reasonable person would find the treatment to be hostile and abusive.

157.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

158.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

159.    Defendants' unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION
**(Retaliation in violation of Title VII – Gender)**

160.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

161.    Defendants are subject to Title VII as an employer with an excess of 15 employees.

162.    Plaintiff engaged in several protected activities by filing complaints with her managers, Su, and HR as to Su's discriminatory and retaliatory employment practices against her.

163.    Defendants retaliated against Plaintiff by putting her on a PIP, creating a retaliatory and hostile working environment, and terminating her employment with Yahoo.

164.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

165.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

166.    Defendants' unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### (Discrimination - In violation of the ADA)

167.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

168.    On December 8, 2023, Defendants were informed of Plaintiff's disability.

169.    On March 1, 2024, Plaintiff requested via her attorney a reasonable accommodation consisting of changing the Technical Lead Su or changing Plaintiff's squad.

170.    Defendants discriminated against Plaintiff by refusing to perform an interactive process as required by law when Plaintiff made a request for a reasonable accommodation.

171.    Indeed, five (5) days later, on March 6, 2024, Defendants terminated Plaintiff's employment.

172.    Defendants discriminated against Plaintiff by failing to provide a reasonable accommodation to Plaintiff, an accommodation that would not have resulted in undue hardship to Defendants.

173.    Defendant further discriminated against Plaintiff by terminating her employment with Defendants based on her disability.

174.    Plaintiff could perform the essential functions of her job.

175.    Plaintiff was qualified for her position when she was wrongfully terminated by Defendants; Defendants have not responded to Plaintiff's request for a reasonable accommodation.

176.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

177.    As a direct and proximate result of Defendants' unlawful hostile and abusive treatment of Plaintiff in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

178.    Defendants' unlawful and retaliatory conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**FIFTH CAUSE OF ACTION**
**Retaliation in Violation of the ADA**

179.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

180.    On December 8, 2023, Plaintiff engaged in the protected activity of requesting medical leave to care for her disability.

181.    On January 23, 2024, Plaintiff also engaged in the protected activity of requesting short-term disability leave to care for her disability.

182.    On March 1, 2024, Plaintiff also engaged in the protected activity of requesting a reasonable accommodation through her attorney based her disability.

183.    On March 6, 2024, Defendants retaliated against Plaintiff by terminating Plaintiff's employment.

184.    Plaintiff was qualified for her position without a reasonable accommodation when she was terminated.

185.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

186.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

187.    Defendants' unlawful retaliatory conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, was done with conscious disregard of the civil rights of Plaintiff, entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL - Gender)

188.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

189.    Defendants discriminated against Plaintiff on the basis of her gender.

190.    Defendants discriminated against Plaintiff by treating her differently when assigning tickets, putting Plaintiff on a PIP, and terminating her employment with Yahoo.

191.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

192.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental and anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

193.    Defendants' unlawful and discriminatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### SEVENTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL - Gender)

194.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

195.    Defendants retaliated against Plaintiff in violation of the NYSHRL by, inter alia, terminating Plaintiff because of her gender.

196.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

197.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

198.    Defendants' unlawful and retaliatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### EIGHTH CAUSE OF ACTION
**(Discrimination in Violation of the NYSHRL - Disability)**

199.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

200.    Defendants discriminated against Plaintiff on the basis of her disability.

201.    Defendants discriminated against Plaintiff by refusing to perform an interactive process when Plaintiff requested a reasonable accommodation, failing to provide a reasonable accommodation with Plaintiff per her request and terminating her employment with Yahoo.

202.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

203.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

204.    Defendants' unlawful and discriminatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## NINTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL - Disability)

205.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

206.    Defendants retaliated against Plaintiff in violation of the NYSHRL by, inter alia, terminating Plaintiff because of her disability and protected activities.

207.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

208.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

209.    Defendants' unlawful and retaliatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## TENTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL - Gender)

210.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

211.    Defendants discriminated against Plaintiff on the basis of her gender.

212.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or

economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

213.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

214.    Defendants' unlawful and discriminatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## ELEVENTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL - Gender)

215.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

216.    Defendants retaliated against Plaintiff in violation of the NYCHRL by, *inter alia*, terminating Plaintiff because of her gender.

217.    As a direct and proximate results of Defendants' unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

218.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress

and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

219.    Defendants' unlawful and retaliatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**TWELFTH CAUSE OF ACTION**
**(Discrimination in Violation of the NYCHRL - Disability)**

220.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

221.    Defendants discriminated against Plaintiff on the basis of her disability.

222.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

223.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

224.    Defendants' unlawful and discriminatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRTEENTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL - Disability)

225.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

226.    Defendants retaliated against Plaintiff in violation of the NYCHRL by, *inter alia*, terminating Plaintiff because of her disability.

227.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

228.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

229.    Defendants' unlawful and retaliatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTEENTH CAUSE OF ACTION
### (Hostile Working Environment in violation of NYSHRL and NYCHRL)

230.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

231.    Defendants created a hostile work environment for Plaintiff by treating her differently from her male colleagues based on her gender.

232.    The hostile and abusive treatment of Plaintiff was pervasive and severe.

233.    Defendants' treatment of Plaintiff was such that a reasonable person would find the treatment to be hostile and abusive.

234.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL and NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

235.    As a direct and proximate result of Defendants' unlawful hostile and abusive treatment of Plaintiff in violation of the NYSHRL and NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

236.    Defendants' unlawful and retaliatory conduct in violation of the NYSHRL and NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.    A declaratory judgment that the actions, conduct, and practices of Defendants complained of herein violate Title VII, ADA, NYSHRL, and NYCHRL;

B.    An order directing Defendants to place Plaintiff in the position she would have occupied but for Defendants' discriminatory and/or otherwise unlawful conduct, as well as to take

such affirmative action, including reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff;

C.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to the loss of past and future income, wages, compensation, job security and other benefits of employment;

D.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and any other physical or mental injuries;

E.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

F.      An award of punitive damages, pursuant to Title VII, ADA, NYSHRL, and NYCHRL in an amount to be determined at trial;

G.      An award of liquidated damages, pursuant to Title VIIL in an amount to be determined at trial;

H.      An award of damages for any and all other monetary and/or non-monetary damages losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

I.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by laws; and

J.      Such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury as to all issues so triable.


Dated: July 11, 2024
        New York, New York                 Respectfully submitted,

                                           DANNY GRACE PLLC
                                           *ATTORNEYS FOR PLAINTIFF*
                                           225 BROADWAY, SUITE 1200
                                           NEW YORK, NY 10007
                                           (212) 202-2485

                                           _____
                                           DANIEL GRACE, ESQ.
                                           YUTING LI, ESQ.